Bbinkeretoff, O. J.
This is a petition in error prosecuted in this court for the purpose of obtaining a reversal of a judgment of the district court of Miami county, affirming the judgment of the court of common pleas of that county, in favor of the defendants in error, O’Ferrall & Gabrielle, who were plaintiffs in the original action.
The case, as shown by the record, is in substance this:
O’Ferrall & Gabrielle, who are physicians and surgeons,brought suit before a justice of the peace of Miami county, against Wood, to recover, for surgical attendance, medicines, etc., to the amount of some forty dollars. Judgment was rendered by the justice in their favor, for the amount claimed, Wood failing to make defence. Wood, in due time and form, gave notice of, and perfected an appeal from *429 that judgment to the court of common pleas. In that court O’Ferrall & Gabrielle filed a petition in ordinary form, upon their account, for professional services. Wood answered, expressly admitting the services and their value as clcdmed in the petition; and then goes on to set up a counter-claim for damages to himself, resulting from the alleged negligence and unskilfulness "of the plaintiffs in the amputation and treatment of one of his wife’s toes, and claiming a judgment for_ damages to the amount of ten thousand dollars. The plaintiffs replied, taking issue upon the allegations of the counter-claim.
The case was tried to a jury, who found a verdict in favor of the defendant, “ and assess his damages at seventy dollars, upon the counter-claim in his answer set forth.” Thereupon the plaintiffs demanded a second trial, which was allowed by the court, and the defendant excepted. A second trial at a subsequent term was had, and resulted in a verdict and judgment- in favor of the plaintiffs for the amount of their account, with interest. On error, this judgment was affirmed by the district court, and that judgment of affirmance is now here sought to be reversed.
The error alleged -to have occurred in the proceedings of the court of common pleas, and the consequent error of the district court in the affirmance of the judgment of the common pleas, is the allowance of a second trial of the ease by the common pleas.
The facts of unskilfulness and negligence alleged in the counter-claim might have been well set up, both before the justice of the peace and in the common pleas, as a defence to the action of the plaintiff below. But this was not done. On the contrary, the defendant below allowed the case to go by default in the justice’s court, and in his answer in the common pleas expressly admitted the cause of action set forth in the plaintiffs’ petition, and relied wholly upon his counter-claim. What motive induced this line of tactics on the part of the defendant below, it is needless to inquire; but so it was. He abandoned all defence tó the action, conceded it, and relied upon a counter-claim in the nature of a *430 cross-action for damages to the amount of ten thousand dollars. Had this counter-claim been asserted in the justice’s court, it could not have takei^ cognizance of it, because it was for an amount beyond the jurisdiction of that court; nor could the court of common pleas take jurisdiction of it by appeal, because the a/ppellate j urisdiction of that court is limited by the boundaries of the jurisdiction of the court from which the appeal is taken. It follows that if the proceedings in the court of common pleas depended on its appellate jurisdiction, the first verdict and judgment would have been coram nonjucUce, and void.
It was, however, competent for the parties, by mutual consent, to go into the court of common pleas, and by like consent to confer upon it original jurisdiction of the subject matter and of the amount of the counter-claim. This, in effect, was done. The defendant set up his counter-claim, The plaintiffs replied, taking issue. No objection was made to this proceeding by either party, and the matter was submitted to the court and jury. In taking cognizance of the case thus presented by the parties, the court of common pleas exercised original and not appellate jurisdiction, and all the incidents of a case of original jurisdiction in that" court necessarily followed, including the right to a second trial as provided for by statute, on compliance with its terms.
This view of the case is, we think, fully sustainable on the authority of the cases of Harrington v. Heath, 15 Ohio, 483, and Bisher v. Richards, 9 Ohio St. 495.

Judgment affirmed.

Scott, Welch, White, and Day, JJ., concurred.